**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JEFFREY V. AVENA** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-5947** |
| **UNUM LIFE INSURANCE CO. OF AMERICA** | **SECTION "H"(2)** |

## ORDER AND REASONS

Before the Court are Cross-Motions for Judgment as a Matter of Law (R. Docs. 11, 13). For the following reasons, Plaintiff's Motion is DENIED, and Defendant's Motion is GRANTED. The Court will enter final judgment in favor of Defendant.

## BACKGROUND

Plaintiff, Jeffrey Avena, filed this suit seeking reversal of the denial of his claim for long-term disability benefits under an employee disability plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA").

Defendant, UNUM Life Insurance Company of America ("Unum"), is the administrator and payor of the plan.

Plaintiff is 55-years-old and was employed as a senior director of casino operations. On October 31, 2011, Plaintiff was involved in a car accident in which he was rear-ended while stopped on an interstate exit ramp. Plaintiff first sought medical attention two days after the accident. His chief medical complaints are pain in the lower back, neck, shoulder, and left foot. In the several months following the accident, Plaintiff's primary physician, Dr. Dyess, treated Plaintiff's ailments with the medications Motrin, Norco, and Soma. An MRI of the lumbar spine revealed a multilevel, mild-to-moderate facet arthropaty and mild disk bulging. An MRI of the left foot was normal. On two occasions, Plaintiff received facet joint injections to the right L4-5 and L5-S1 and a transforaminal nerve root injection to the L5-S1. Plaintiff reported receiving some relief from these injections, but the pain later returned. Dr. Dyess restricted Plaintiff's movement to avoid prolonged sitting, standing, walking; climbing stairs or ladders; and lifting objects heavier than 40lbs. Dr. Dyess recommended that Plaintiff participate in physical therapy, but there is no indication in the administrative record that Plaintiff actually did so. Dr. Dyess also indicated that Plaintiff was on strong medications that made decision-making difficult.

Nearly nine and a half months after the accident, Dr. Dyess referred Plaintiff to a neurosurgeon to discuss the possibility of surgery because Plaintiff continued to report the same level of pain. The neurosurgeon, Dr. Vogel, opined

that Plaintiff has a cerebral concussion, Grade I herniated cervical disc vs segmental cervical instability, and herniated lumbar disc vs segmental lumbosacral instability. On their second visit, Dr. Vogel recommended that Plaintiff be admitted to the hospital for further evaluation to determine whether he is a surgical candidate. Plaintiff ultimately elected to continue conservative treatment.

Following the accident, Plaintiff was out of work for several months. He returned to work on January 16, 2012, but ultimately resigned on May 17, 2012, because he felt his condition prevented him from continuing to work. Indeed, Dr. Dyess recommended that Plaintiff cease working beginning on April 26, 2012. In its investigation, however, Unum discovered an internet article indicating that Plaintiff attended a fishing trip in "choppy" waters on May 10, 2012. Defendant remains unemployed and stays at home to care for his newborn daughter.

Unum initially denied Plaintiff's claim for long term disability payments because its in-house reviewing physicians felt that the evidence in the record did not support a finding that Plaintiff was disabled. In order to be characterized as "disabled" under Plaintiff's policy with Unum, he must be (1) limited from performing the material and substantial duties of his regular occupation due to injury and (2) have a 20% or more loss in his indexed monthly earnings due to the same injury. Defendant found that the record did not support the position that Plaintiff was unable to perform the duties required by his job as a director of casino operations. Defendant's vocational rehabilitation consultant

characterized Plaintiff's job as requiring frequent sitting, occasional standing, walking, reaching, and handling, and occasional exertion of up to 20 pounds of force to lift, carry, or move objects. Defendant relied on the following facts to support its opinion that Plaintiff is not disabled: (1) after his car accident, Plaintiff was able to work full time for five months; (2) the record contains no indication of medication side effects; (3) Plaintiff's lumbar MRI was consistent with age-related changes and inconsistent with his complaints; and (4) neither a cervical MRI nor a nerve conduction study was performed to evaluate Plaintiff's complaints of neck and arm pain.[1] Plaintiff was not personally evaluated by Defendant's physicians.

Plaintiff appealed this determination and submitted additional information for Unum's consideration. Specifically, Plaintiff submitted records from his psychiatric evaluations with Dr. Denney. Those records indicated that Plaintiff reported difficulty concentrating at work because of his pain medications, panic attacks, depression, difficulty sleeping, and anxiety. Dr. Denney diagnosed Plaintiff with panic disorder, general anxiety disorder, and adjustment disorder with depression. Plaintiff was given a prescription of Ativan to be taken when needed. Plaintiff continued to see Dr. Denney on several occasions, although there was a gap in care between April 2012 and October 2012.

Plaintiff also supplemented his appeal with records of his visit to a podiatrist, Dr. Dabdoub. Dr. Dabdoub diagnosed Plaintiff with capsulitis,

[1] A.R. 438.

neuritis, and foot inflamation. Medications and padding were prescribed to address Plaintiff's left foot pain. There is no record of a follow-up visit, and the prescribed medications were filled only once.

Plaintiff also provided letters from Dr. Dyess to Plaintiff's attorney, which further indicated that Plaintiff's complaints and treatments remained unchanged. Dr. Dyess opined that Plaintiff "has a poor prognosis and will likely remain totally disabled for life."

Plaintiff's record was also supplemented with the accident report. The report indicated that Plaintiff's vehicle sustained only "minor" damage in the accident and that the other driver's speed was "unknown," although Plaintiff has stated that he was hit at a speed of 50 to 55mph. The accident report indicated that no one on the scene received emergency medical treatment and both cars were driven away from the scene without the necessity of towing.

Despite this additional information, Unum's decision remained unchanged. It informed Plaintiff that the many inconsistencies in the administrative record did not support Plaintiff's pain complaints or a finding that he is "disabled" under the terms of his policy with Unum. Plaintiff now appeals Unum's decision to this Court.

## LEGAL STANDARD

"The summary judgment standard for ERISA claims is 'unique,' because the Court acts in an appellate capacity reviewing the decisions of the

administrator of the plan."[2] An administrator's decisions regarding plan terms and eligibility for benefits are subject to *de novo* review in the district court "unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan."[3] If the plan grants such discretion, the administrator's determinations are reviewed only for abuse of discretion.[4] In the Fifth Circuit, an administrator's factual determinations are always reviewed for abuse of discretion, regardless of whether the plan grants the administrator discretionary authority.[5] The parties concede, and the Court is convinced, that the abuse of discretion standard applies to this matter.

Under this standard, the Court looks to whether the administrator acted arbitrarily or capriciously.[6] "A decision is arbitrary only if 'made without a rational connection between the known facts and the decision or between the found facts and the evidence.'"[7] The Court will uphold the administrator's decision "if it is supported by substantial evidence."[8] The Court's review "need not be particularly complex or technical; it need only assure that the administrator's decision fall somewhere on a continuum of reasonableness—even

[2] *Reed v. Huntington Ingalls Indus., Inc.*, No. 11–1816, 2012 WL 4460822, at *2 (E.D. La. Sept. 26, 2012).

[3] *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989).

[4] *Vercher v. Alexander & Alexander Inc.*, 379 F.3d 222, 226 (5th Cir. 2004).

[5] *Id.*

[6] *Meditrust Fin. Servs. Corp. v. Sterling Chems., Inc.*, 168 F.3d 211, 214 (5th Cir. 1999).

[7] *Id.* at 215.

[8] *Id.*

if on the low end."[9] "A district court may not engage in *de novo* weighing of the evidence."[10] In addition, the Court's review is limited to the facts known by the plan administrator at the time of the benefits decision.[11]

## LAW AND ANALYSIS

Plaintiff sets forth the following arguments in support of his contention that Defendant abused its discretion in denying his claim for long term disability benefits. First, Plaintiff argues that Unum abused its discretion by relying on the opinions of non-examining, in-house doctors instead of Plaintiff's treating physician and by failing to conduct an independent medical evaluation of Plaintiff. Second, Plaintiff contends that Unum has a conflict of interest because it is both the administrator of the plan and the payor of benefits. Third, Plaintiff argues that Unum failed to consider his mental condition or the intellectual requirements of his job in its determination of benefits. This Court will consider each of these complaints as factors in determining the reasonableness of Unum's

[9] *Holland v. Int'l Paper Co. Ret. Plan*, 576 F.3d 240, 247 (5th Cir. 2009).

[10] *Dramse v. Delta Family-Care Disability and Survivorship Plan*, 269 Fed. Appx. 470, 478 (5th Cir. 2008).

[11] *McDonald v. Hartford Life Grp. Ins. Co.*, 361 F. App'x 599, 606 (5th Cir. 2010). Plaintiff contends that he submitted an additional cervical MRI and medical literature supporting his claim after Defendant's final denial of benefits but that Defendant refused to include it as part of the administrative record because it felt it was unhelpful and untimely. Plaintiff states that this information should have been included in the record. He did not, however, move this Court for a review of the completeness of the administrative record prior to filing the instant dispositive motion. In addition, Plaintiff has not provided any of these records to the Court. Accordingly, the Court cannot consider the necessity of their inclusion in the record and must decide these Motions on the basis of the administrative record that was presented.

denial of benefits.[12]

**A. Reliance on Reviewing Physicians**

First, Plaintiff argues that Unum abused its discretion in denying his claim when it relied on the opinions of in-house doctors who merely reviewed the record and did not perform an independent medical evaluation on Plaintiff. Plaintiff argues that these non-examining, in-house doctors are biased because they have a financial incentive to render an opinion that supports the denial of benefits. Plaintiff also contends that Unum has previously been reprimanded for this sort of behavior.

The Supreme Court has held, however, "that 'courts have no warrant to require administrators automatically to accord special weight to the opinions of a claimant's physician,' but a plan administrator 'may not arbitrarily refuse to credit a claimant's reliable evidence, including the opinions of treating physicians.'"[13] The Fifth Circuit "has held that an administrator does not abuse its discretion when it relies on the medical opinion of a consulting physician whose opinion conflicts with the claimant's treating physician."[14] In *McDonald v. Hartford Life Group Insurance Co.*, the Fifth Circuit held that a district court did not err in finding that a plan administrator did not abuse his discretion for relying on the opinions of in-house doctors when the Plaintiff did not submit any

[12] *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 117 (2008) (stating that "when judges review the lawfulness of benefit denials, they will often take account of several different considerations").

[13] *Schexnayder v. Hartford Life & Acc. Ins. Co.*, 600 F.3d 465, 469 (5th Cir. 2010) (quoting *Black & Decker Disability Plan v. Nord*, 538 U.S. 822, 834 (2003)).

[14] *Gothard v. Metro. Life Ins. Co.*, 491 F.3d 246, 249 (5th Cir. 2007).

specific evidence showing an incentive for the doctors to issue a biased opinion.[15] Here too, Plaintiff's allegations are conclusory. He offers no evidence of the financial relationship between Unum and its reviewing doctors or "an incentive for the doctors to undermine [his] case in particular."[16] Likewise, Unum did not fail to consider the opinion of Plaintiff's treating physician, rather, it felt that the objective evidence in the record did not support his opinion. "[P]lan fiduciaries are allowed to adopt one of two competing medical views[.]"[17] Accordingly, this Court does not believe that Defendant's reliance on in-house doctors rendered its decision an abuse of discretion.

Plaintiff also alleges that it was an abuse of discretion for Defendant to forgo an independent medical evaluation of Plaintiff prior to denial of his claim. The Fifth Circuit has stated, however, that "ERISA does not mandate an independent medical examination prior to a denial."[18] Indeed, the burden of providing proof of loss rests with the claimant.[19] Plan administrators do not have the burden of generating evidence relevant to deciding the claim.[20] Accordingly, Defendant did not err in failing to order an independent examination of Plaintiff.

**B. Conflict of Interest**

Next, Plaintiff argues that Defendant's denial of benefits was an abuse of

[15] *McDonald*, 361 F. App'x at 610.

[16] *Id.*

[17] *Gothard*, 491 F.3d at 250.

[18] *Killen v. Reliance Standard Life Ins. Co.*, 776 F.3d 303, 309 (5th Cir. 2015).

[19] *McDonald*, 361 F. App'x at 610.

[20] *Id.*

discretion because Unum is both the administrator and payor of benefits under Plaintiff's policy. The Supreme Court has stated that such a conflict should be "weighed as a factor in determining whether there is an abuse of discretion."[21] The conflict of interest may become more important "where circumstances suggest a higher likelihood that it affected the benefits decision, including, but not limited to, cases where an insurance company administrator has a history of biased claims administration."[22] Here, Plaintiff cites cases that indicate that Unum has a history of biased claims administration. Unum rebuts, however, with cases recognizing that "Unum has—since *Glenn* [decided in 2008]—adopted new claims-handling practices that have helped cure this history of biased claims administration."[23] In *Truitt v. Unum Life Insurance Co.*, the Fifth Circuit held that the district court gave "improper weight" to Unum's conflict of interest when it relied on Unum's history of bias.[24] The court recognized Unum's improvements and held that "given Unum's new claims-handling practices and our case-specific finding that Unum gave careful consideration of [the plaintiff's] claim, we find that the district court improperly emphasized Unum's structural conflict."[25] Here too, the Court finds that Defendant gave thorough consideration to Plaintiff's claim. It had three physicians review Plaintiff's record, entertained an appeal, waited for Plaintiff to visit a neurosurgeon before deciding, and

---

[21] *Glenn*, 554 U.S. at 117.

[22] *Id.*

[23] *Truitt v. Unum Life Ins. Co. of Am.*, 729 F.3d 497, 514 (5th Cir. 2013).

[24] *Id.*

[25] *Id.* at 515.

reached out to Plaintiff's treating physician to discuss Plaintiff's condition. This Court does not find any circumstance that suggests a higher likelihood that Unum's conflict affected the benefits decision.[26]

**C. Failure to Consider Cognitive Limitations**

Lastly, Plaintiff argues that Defendant erred in failing to consider how Plaintiff's psychiatric condition affects his ability to work. Plaintiff contends that the medications he was prescribed for his physical pain make decision-making and concentration difficult and prevent him from performing his duties as a high-level casino executive. Plaintiff's job description reveals that his job required him to make important decisions, engage in complicated mathematics, and supervise many employees. Plaintiff takes issue with the fact that Defendant's vocational rehabilitation consultant characterized Plaintiff's job as merely requiring frequent sitting, occasional standing, walking, reaching, and handling, and occasional exertion of up to 20 pounds of force to lift, carry, or move objects.

Upon review of the administrative record, it seems clear to this Court that if Defendant did not consider the effect Plaintiff's medications had on his ability to work it is because Plaintiff provided no evidence of such. Notwithstanding comments made by Plaintiff to some of his doctors, there is no objective evidence from any doctor describing the effect of Plaintiff's medications on his ability to work. In addition, Plaintiff's psychiatrist never indicated that his depression or panic and anxiety disorders had any affect on his ability to work. The Fifth

[26] *See Glenn*, 554 U.S. at 117.

Circuit has stated that "[a] plan administrator does not abuse its discretion by making a reasonable request for some objective verification of the functional limitations imposed by a medical or psychological condition. . . ."[27] Without objective evidence of Plaintiff's limitations, the plan administrator "had no way to determine whether his concentration was impaired to the point that he could not perform his job."[28]

It is clear, however, that Defendant did consider Plaintiff's subjective complaints regarding his cognitive limitations, noting in its denial letter that Plaintiff reported "difficulty with concentration" to his psychiatrist. Defendant ultimately decided, however, that the objective evidence in the record was inconsistent with Plaintiff's complaints and did not indicate "any medication side effects involving altered mental status, decreased alertness, difficulty decision making or other cognitive impairment."[29]

Accordingly, after considering Plaintiff's arguments and the evidence in the administrative record, this Court holds that Defendant was not arbitrary or capricious in denying Plaintiff's claim for long-term benefits. While there is some evidence in the record supporting Plaintiff's claim of disability, there is likewise substantial evidence supporting the contrary. Namely, Defendant's decision is supported by the facts that: Plaintiff was able to work for several months after the accident; he attended a fishing trip after the accident; despite

---

[27] *Anderson v. Cytec Indus., Inc.*, 619 F.3d 505, 514 (5th Cir. 2010).

[28] *Id.*

[29] A.R. 438; *see also* A.R. 679 (denial letter stating that record did not "document disability resulting from a behavioral health condition").

Plaintiff's continued complaints of pain, recommended pain management was limited to as-needed use of the same conservative medications prescribed immediately after the accident; only one doctor, Dr. Dyess, placed restrictions or limitations on Plaintiff's movement; further testing was not conducted despite Plaintiff's continued complaints of pain; the reviewing doctors felt Plaintiff's MRI results were consistent with age-related changes; Plaintiff provided no proof that he ever attended physical therapy; and the accident report indicated that the accident resulted in minor damages to both vehicles and emergency medical attention was not sought. All of these facts support a finding that Plaintiff's condition does not rise to the level of a disability that would prevent him from returning to his full-time employment.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion is DENIED, and Defendant's Motion is GRANTED. The Court will enter final judgment in favor of Defendant.

New Orleans, Louisiana, this 14th day of April, 2015.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**